UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BARKOVIC,

          Plaintiff,

-vs-

Case 2:17-cv-10281
Judge: Lawson, David M.
MJ: Whalen, R. Steven
Filed: 01-30-2017 At 10:45 AM
CMP BARKOVIC V ATTORNEY GRIEVANCE C
OMMISSION, ET AL (BG)

ATTORNEY GRIEVANCE COMMISSION and agents or employees, Alan Gershel, Grievance Administrator, State of Michigan - Attorney Grievance Commission, Robert Edick, Deputy Administrator, State of Michigan - Attorney Grievance Commission, Kimberly Uhuru, Attorney, State of Michigan -Attorney Grievance Commission, Ruthann Stevens, Attorney, State of Michigan - Attorney Grievance Commission, John Doe Two, agent/employee, State of Michigan, Attorney Grievance Commission, STATE BAR OF MICHIGAN, a Michigan Corporation, Clifford Flood, General Counsel, State Bar of Michigan, Jane Doe One, agent, employee, State Bar of Michigan, Dawn Evans, associate counsel, State Bar of Michigan, members of MICHIGAN ATTORNEY DISCIPLINE BOARD, John Van Bolt, Mark Armitage, past and present directors, in their official capacities, PAST AND PRESENT JUSTICES OF THE MICHIGAN SUPREME COURT, Hon. Marilyn Kelly, Hon. Michael F. Cavanagh, Hon. Maura D. Corrigan, Hon. Robert P. Young, Jr., Hon. Stephen J. Markman, Hon. Diane M. Hathaway, Hon. Brian Zahara, Hon. Bridget Mary McCormack, Hon. David Viviano, Hon. Richard Bernstein and Hon. Joan Larsen in their official capacities.

          Defendants.

_____

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, TIMOTHY BARKOVIC, and by way of complaint, states as follows:

1.     Plaintiff, Timothy Barkovic, (hereinafter referred to as "Plaintiff") is a resident of the Township of Harrison, County of Macomb, State of Michigan.

2.     At all times relevant hereto, Plaintiff was and is a citizen of the State of Michigan and the United States and, as such, is afforded the rights and privileges afforded by the United States Constitution, including, but not limited to, rights under the First Amendment and procedural and substantive due process rights.

3.      Plaintiff was a member of the State Bar of Michigan in good standing from May 16, 1979, through approximately March 1, 2016, having been assigned a professional designation of P-29797. Throughout the duration of Plaintiff's membership to the State Bar of Michigan, Plaintiff:

A.      Did not surrender his rights as a member of the State Bar of Michigan to his absolute right of freedom of speech, freedom of expression, and right to petition the government (or it's representatives, employees or agents) for a redress of grievances.

B.      Did not surrender or agree to compromise in any way, as a citizen, his absolute right of freedom of speech, freedom of expression, and right to petition the government (or it's representatives, employees or agents) for a redress of grievances.

C.      Did not agree, contract, or promise (as a matter of oath or admission to the State Bar of Michigan) to in any way compromise or limit the method, manner, or substance of his right to freedom of speech, freedom of expression, or right to petition the government (or it's representatives, employees or agents) for a redress of grievances.

D.      Did not agree to waive, compromise, or otherwise mitigate his rights to both procedural and substantive due process.

E.      Did agree to zealously, and without governmental influence, interference or restraint, represent his clients and to provide "effective" and meaningful representation to them with uncompromised dedication and effort.

4.      On or about December 1, 2015, Plaintiff was forced to resign from membership in

2

the State Bar of Michigan, due to the actions of the Defendants named herein. Plaintiff is no longer a member of the State Bar of Michigan. As a result of his forced resignation, and further, as a result of the actions of the Defendants named herein, Defendant suffered a loss of employment and was deprived of his ability to earn a living.

5.     Defendants, Justices of the Michigan Supreme Court, in their official capacities, are collectively responsible for, *inter alia* –

A.     Promulgating and implementing the Michigan Rules of Professional Conduct, which governs the conduct of attorneys in Michigan; and

B.     Attorney discipline in the State of Michigan, including promulgating and implementing the rules for investigation, prosecution, and defense of attorney discipline matters.

6.     Defendants, John F. Van Bolt and Mark Armitage, are in their official capacities, past and present, Executive Director(s) of the Michigan Attorney Discipline Board, "the adjudicative arm of the [Michigan] Supreme Court for discharge of its exclusive constitutional responsibility to supervise and discipline Michigan attorneys." MCR 9.110(A).

7.     Defendants, Attorney Discipline Board and Attorney Grievance Commission, were created by the Michigan Supreme Court to investigate, supervise and discipline attorneys.

8.     Defendant, the State Bar of Michigan, is a public corporation. MCL 600.901. The Michigan Supreme Court has supervisory and regulatory control over the State Bar of Michigan, it's activities, and it's members. MCL 600.904. Membership in the State Bar of Michigan is required to practice law within the State of Michigan.

9.     Defendant, Clifford Flood, is counsel for the State Bar of Michigan.

3

10.    Defendant, Jane Doe, is an employee of the State Bar of Michigan, whose responsibilities are maintaining a current and active list of members of the State Bar and notifying various parties, including the courts of this state, of the professional status and standing of attorneys.

11.    Defendant, Dawn Evans, was employed by the State Bar of Michigan to provide ethical opinions and guidance to members of the State Bar as to their concerns, questions, and compliance with the Michigan Rules of Professional Conduct (MRPC).  Upon information and belief, Ms. Evans is no longer employed by the State Bar of Michigan.

12.    The Attorney Grievance Commission, is the prosecutorial arm of the Michigan Supreme Court and is responsible for supervising and disciplining Michigan attorneys. MCR 9.108.

13.    Defendants, Robert Edick, Kimberely Uhuru, Alan Gershel, Ruthann Stevens, and Jane Doe Two, are agents and employees of the Attorney Grievance Commission. On information and belief, Defendants, Robert Edick, Kimberly Uhuru, Alan Gershel, Ruthann Stevens, are members of the State Bar of Michigan and, as such, are obligated to follow the mandates of the Michigan Rules of Professional Conduct (hereinafter referred to as the "MRPC").

14.    Mr. Robert Agacinski, although not party to the instant litigation, was the former Grievance Administrator of the Attorney Grievance Commission. Mr. Agacinski had, heretofore, filed litigation in the Circuit Court for the County of Wayne (Robert Agacinski vs. Attorney Grievance Commission, et al.: Case No.: 2014-009778-CP). Mr. Agacinski was terminated from his employment by the Michigan Supreme Court after discovering that members of his staff, (subordinate attorneys) employed by the Attorney Grievance Commission, had published profane

and derogatory comments as to others.[1]  Upon information and belief, Mr. Agacinski's employment with Defendant, Attorney Grievance Commission, was terminated for reporting the unethical and improper comments and statements to the Michigan Supreme Court.

15.    Prior to the commencement of the instant proceeding, Plaintiff submitted a written request to Defendant, Attorney Grievance Commission, to preserve the e-mails and correspondence that were at issue in the Agacinski matter in anticipation of the instant litigation.  Defendant, Attorney Grievance Commission, has refused to provide copies of the relevant e-mails and correspondence.

16.    At all times relevant hereto, and in taking all of the actions described herein, Defendants, and/or their agents, were acting, conspiring, and/or threatening to act under color of law and were effecting, and will effect, the customs, policies, rules and laws of the State of Michigan.

17.    This Court has jurisdiction over the instant matter due to the following:

A.    This is a civil action arising under the Constitution and laws of the United States (28 U.S.C. §1331);

B.    This is an action for relief authorized by law to redress deprivations under color of law of rights, privileges and immunities secured by the United States Constitution (28 U.S.C. §1343(a)(3); 28 U.S.C. §1343(a)(4); 28 U.S.C. 2201; 28 U.S.C. 2202; and 42 U.S.C. §§1983, 1985, and 1988);

---

1.    Upon information and belief, Plaintiff asserts that none of the attorneys or individuals who published the profane, indecent, and improper comments were subject to disciplinary proceedings for their actions. Plaintiff, is alleged to have engaged in speech, for which he was repeatedly questioned, harassed, intimidated and disciplined, suggesting that the Attorney Grievance Commission has no uniform standards governing speech related issues. This further suggests that Defendant, Attorney Grievance Commission, provides protection and immunity to members of it's staff and others for alleged violations of the MRPC.  This apparent disparity suggests that the rules for which Plaintiff was disciplined are vague, over broad, and selectively enforced.

C.     This is an action for relief, based on a denial by the Defendants of Plaintiff's substantive and procedural due process rights.

## COMMON ALLEGATIONS

18.     Plaintiff, until the date of his resignation, was an member of the State Bar of Michigan and in good standing.

19.     While a member of the State Bar of Michigan, Plaintiff exercised his rights under the First Amendment, by engaging in speech and expression directed to individuals and representatives of the government, and also engaged in speech to such persons consistent with his right to petition the government for redress of grievances.

20.     Plaintiff's comments, speech, and expression were made in Plaintiff's capacity as a lawyer and on an individual basis.  Apparently, Defendant, State Bar of Michigan, and other Defendants, do not, and did not, recognize the fact that the Plaintiff has, at all times relevant hereto, First Amendment rights, both as a practicing attorney and those distinct from his membership in a professional organization.

21.     While an attorney, Plaintiff was subject to the Michigan Rules of Professional Conduct ("MRPC") and Michigan Court Rules (hereinafter referred to as "MCR").

22.     Alleged failure to comply with an obligation or prohibition imposed by the MRPC or MCR subjects Plaintiff and all other Michigan-licensed attorneys to attorney discipline proceedings as authorized by Michigan Supreme Court.  Such proceedings are conducted by the Michigan Attorney Discipline Board and it's appointed hearing panels.

23.     In the course of adjudicating allegations of professional misconduct against attorneys, the Michigan Attorney Discipline Board is constitutionally required to provide attorneys charged

with professional misconduct with due process of law, including, *inter alia*, the right to present any and all applicable factual and/or legal defenses.

24. MCR 9.104 enumerates the grounds for discipline. MCR 9.104 does not mention speech; however, the Attorney Grievance Commission and Attorney Discipline Board have applied the aforementioned rule(s) to include speech, and inferentially, to prohibit members of the State Bar of Michigan from petitioning the government for redress of grievances.

25. Rule 6.5 of the MRPC requires attorneys to "treat with courtesy and respect all persons involved in the legal process."[2] This rule has not been uniformly applied and both the Attorney Grievance Commission and the Attorney Discipline Board, with a grant of authority from the Michigan Supreme Court, have adjudicated and applied the rule on a case-by-case basis. However, in all cases, Rule 6.5 has been applied so as to preempt and punish constitutionally protected speech and expression, and further, so as to infringe upon and effectively deny attorneys, including Plaintiff, the right to petition the government (and it's agents) for redress of grievances, in violation of the First Amendment.

26. MRPC 6.5 has been held to be unconstitutional by this Court. Specifically, this Court has held that MRPC 6.5 is over broad and vague in violation of both the First Amendment and the Due Process Clause of the Fourteenth Amendment.[3]

27. Plaintiff has previously been the subject of investigation(s) and prosecution(s) by the Michigan Attorney Grievance Commission for alleged violations of MRPC 6.5 for exercising his

---

2. MRPC 6.5 is unique to the State of Michigan. Other jurisdictions have either refused to adopt such a rule or have ruled that it unconstitutionally deprives attorneys of their First Amendment rights.

3. See Geoffrey Nels Fieger, et. al. vs. Michigan Supreme Court, et. al, (Case No.: 2006-11684) (Opinion by the Honorable Arthur Tarnow, dated September 4, 2007). The decision was appealed to the Sixth Circuit, which was reversed on standing grounds only. The opinion can be found at 553 F 3d 955 (2009).

rights to free speech and expression. Multiple and repeated investigations and prosecutions were initiated by the Attorney Grievance Commission through Defendant, Ruthann Stevens, Defendant Kimberly Uhuru, and other named Defendants.

28.     Defendants have brought professional disciplinary proceedings against Plaintiff based on an alleged violation(s) of MRPC 6.5. Defendants have done so despite the fact that this Court has ruled the same to be unconstitutional, and thus, unlawful and inappropriate.

29.     Plaintiff had been sanctioned by the Attorney Discipline Board on several occasions due to his speech and expression. Such proceedings damaged the professional standing of Plaintiff and caused him to suffer a loss of professional standing and subjected him to discipline. These sanctions effectively operated to "chill" Plaintiff's constitutional rights of freedom of speech, freedom of expression, and infringed on his ability to effectively advocate on behalf of his (prior) clients.

30.     Defendants have repeatedly used MRPC 6.5 to otherwise threaten, harass, and/or intimidate Plaintiff in an individual capacity and as a member of the State Bar of Michigan.

31.     Defendants was threatened to such an extent that he was apprehensive in his advocacy and dealings with others, so as to not violate the imprecise and vague mandates of MRPC 6.5.

32.     Defendants took actions against Plaintiff, including, but not limited to, the imposition of fines and cost and the imposition of sanctions, including public reprimands and findings of professional misconduct. These actions, including repeated requests for investigations and disciplinary proceedings, made it impossible for Plaintiff to carry out his professional responsibilities.

33.    All sanctions and findings of professional misconduct are cumulative. The prior illegal and improper sanctions, in the form of findings of misconduct, are considered in determining the appropriate punishment for lawyers. Accordingly, Plaintiff was subject to enhanced punishment, based on speech alone.

34.    The cumulative effect of sanctions imposed by Defendants suggested to Plaintiff that Defendants were seeking to impose punishment for exercising his rights under the First Amendment in the form of disbarment. Plaintiff could not tolerate such a sanction. Under duress and the coercion of additional threats of investigation, punishment, including public disparagement and disgrace, Plaintiff was forced to resign from membership with the State Bar of Michigan.

35.    Plaintiff submitted his resignation to the State Bar of Michigan on or about December 1, 2015, which was to become effective ninety (90) days thereafter.

## COUNT ONE - VIOLATION OF PLAINTIFF'S FIRST AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS

36.    Plaintiff incorporates paragraphs one (1) through thirty-five (35) as if they were restated herein.

37.    At all times relevant hereto, Plaintiff engaged in constitutionally protected activities, including speech, expression, and the right to petition the government for redress. These rights are protected and guaranteed by the First and Fourteenth Amendments of the Constitution of the United States.

38.    At all times relevant hereto, Defendants were acting under color of state law with the sanction, and under the authority and direction of the Michigan Supreme Court.

39.    Defendants have punished Plaintiff and otherwise restricted, infringed, and/or deprived Plaintiff of his rights under the First Amendment and Fourteenth Amendment through their

actions, including, but not limited to, the enforcement of the provisions of MRPC 6.5 and MCR 9.104.

40.     Attorney disciplinary proceedings have been held to be "quasi-criminal" by Michigan Courts.

41.     MPRC 6.5 and MCR 9.104 contain content based regulations/restrictions on speech, and therefore, are subject to "strict scrutiny" by this Court. There are no compelling interests that warrant punishing Plaintiff for speaking freely, particularly to agents of the government and in defense of his client's interests.

42.     Defendants have consistently used state laws, rules, and regulations to restrict, regulate, and prohibit forms of speech to be found offensive by the Defendants.

43.     MRPC 6.5 has been ruled by this court to be unconstitutional by this court.

44.     In Grievance Administrator v. Fieger, 476 Mich. 231 (2006), the Michigan Supreme Court held that hearing panels of Michigan Attorney Discipline Board and the Attorney Discipline Board itself, are precluded from addressing the constitutionality of the MRPC. Accordingly, Plaintiff was prohibited from asserting an applicable, viable, constitutionally-based legal defense to the charges against him before either body that adjudicated the claims against him and/or the only body to which he could have appealed the hearing panel's ruling by right. MCR 7.302(B)(6); MCR 9.118. Plaintiff could not assert First Amendment rights and could not use presumptions or claims of retaliation.

45.     By failing to permit Plaintiff to assert constitutional claims and defenses in the course of proceedings involving claims of professional misconduct, Defendants have denied Plaintiff his rights under the First Amendment and Fourteenth Amendment.

46.     By mandating that Plaintiff abide by the terms of MRPC 6.5 at all times, Defendants have restricted, inhibited, prevented and deprived Plaintiff of his ability to exercise his First Amendment rights.

47.     On its face and as interpreted by the Michigan Supreme Court, MRPC 6.5(a) violates U. S. Const., Am. I, V & XIV, for the following reasons:

A.     MRPC 6.5(a) restricts, abridges, and chills Plaintiff's constitutionally protected rights of freedoms of speech and freedom of expression;

B.     MRPC 6.5(a) is unconstitutionally over broad;

C.     MRPC 6.5(a) is unconstitutionally vague;

D.     MRPC 6.5(a) does not further a compelling governmental interest; and

E.     MRPC 6.5(a) is not the least restrictive means by which a compelling governmental interest may be furthered.

48.     As a direct and proximate result of Defendants' actions, Plaintiff suffered economic and non-economic damages, including, but not limited to distress, embarrassment, loss of esteem in the community, shame, humiliation, outrage, anxiety, loss of employment, lost wages and other compensable injuries that will continue.

WHEREFORE,  Plaintiff requests that this Court make a finding consistent with it's earlier ruling that Defendants violated Plaintiff's constitutional rights and award damages and other relief that this Court may deem equitable and just.

## COUNT TWO - CONSPIRACY TO DEPRIVE PLAINTIFF OF CONSTITUTIONAL  RIGHTS

49.     Plaintiff incorporates paragraphs one (1) through forty-eight (48) as if they were restated herein.

50.    Following his official resignation, dated December 1, 2015, Plaintiff and Defendants agreed that Plaintiff's resignation would not become effective for a period of ninety (90) days to permit Plaintiff to wind down his practice and to permit, at Plaintiff's request, sufficient time to effectively transition all of Plaintiff's existing clients.

51.    The aforementioned agreement, in the form of a stipulation, was agreed to and approved by Defendant Kimberly Uhuru and other Defendants. Accordingly, Defendants were aware of the terms of the agreement.

52.    On December 8, 2015, Plaintiff was engaged a trial in the Macomb County Circuit Court in the matter of <u>People of the State of Michigan</u> vs. <u>Eric Gala</u>. The trial, which began on or about October 27, 2016, was nearly concluded and required the full attention, dedication, and expertise of the Plaintiff.

53.    On a date prior to December 8, 2015, Plaintiff became aware that third parties had become aware of Plaintiff's resignation, by way of comments made by an assistant prosecuting attorney for the County of Oakland. Plaintiff assumed that persons making these statements were mistaken.

54.    On December 8, 2015, Plaintiff was prohibited from continuing representation in <u>People</u> vs. <u>Eric Gala</u> and was removed as counsel in the pending matter, to the distress of both Plaintiff and his client. Plaintiff was advised that Defendant, State Bar of Michigan, through it's agent(s), Jane Doe and others, had caused to be published to all the courts of this state and the office(s) of several prosecuting attorneys, a notice that the Plaintiff was no longer eligible to practice law.

55.    At this time, Plaintiff also received notice, by way of e-mail, that he was removed

from all court-appointed cases then pending in the Macomb County Circuit Court. This action caused Plaintiff and Plaintiff's clients extreme concern.

56.     Plaintiff made immediate inquiry of the State Bar and was advised by Defendant, Jane Doe, that the notice that was generated and sent by the State Bar was prompted by a phone call from Defendant, Kimberly Uhuru, who had contacted the State Bar to "ensure" that Plaintiff was no longer eligible to practice law.

57.     This action was taken by Defendant, Kimberly Uhuru, and others members of the State of Michigan Attorney Grievance Commission, knowing that their actions were not in conformity with the written agreement executed and signed by Plaintiff and his attorney.

58.     The notice sent by the State Bar was false and misleading, and further, was designed to embarrass and humiliate Plaintiff.

59.     Defendant, State Bar of Michigan, refused to reinstate Plaintiff forcing Plaintiff to further engage the services of Kenneth Mogill, Esq. to remedy the problem. Mr. Mogill contacted Defendant, Kimberly Uhuru, and other members of the Defendant, State Bar of Michigan, to remedy the illegal and improper actions of Defendants.

60.     Plaintiff was not immediately reinstated, preventing him from further representing Mr. Gala and other clients, to whom he owed the highest ethical obligation. Plaintiff was forced to bring in substitute counsel.

61.     The incidents referred to herein were widely published in the news media, causing Plaintiff severe emotional distress, embarrassment and a loss of professional standing.

62.     Defendant, State Bar of Michigan, and members of the Attorney Grievance Commission conspired to deprive Plaintiff of his constitutional rights and retaliate against Plaintiff

for the exercise of his constitutional rights.

63.     Defendants continued to conspire to remove Plaintiff as a member of the State Bar, as Defendants did not want Plaintiff to speak out against the Attorney Grievance Commission or the State Bar of Michigan.  The Michigan Supreme Court insists that attorneys advocate according to standards imposed by them and will not tolerate those who are critical of the government or it's agents.

64.     Defendants further conspired to retaliate against Plaintiff on August 15, 2011, when Plaintiff sought a formal opinion from the State Bar of Michigan, relative to the application of MRPC 6.5.

65.     On August 15, 2011, Plaintiff corresponded with the State Bar of Michigan and sought a (formal) ethical opinion as to the nature and extent of his rights to speak freely and the application of MRPC 6.5 to those rights.

66.     Defendant, State Bar, and Defendant, Evans, refused to respond to Plaintiff's request(s), indicating, in part, that Evans and other members of the State Bar had contacted the Attorney Grievance Commission and were informed of a pending investigation.

67.     Plaintiff is not aware of any rules, regulations, or laws preventing Defendant, Evans, or Defendant, State Bar, from responding to such a request.

68.     As a pretext, and in furtherance, of the conspiracy to deprive Plaintiff of his rights and to retaliate against Plaintiff for exercise of same, Defendant, Evans, and Defendant, State Bar, refused to respond or answer, falsely alleging a lack of a factual basis sufficient to render an opinion.

69.     The communications by and between Defendant, State Bar, and members of the Attorney Grievance Commission were part of a conspiracy to further deprive Plaintiff of his

constitutional rights to freedom of expression, by refusing to define standards (and speech) which were permissible under the existing rules of professional conduct.

70.     Defendant, State Bar, through it's agent, Defendant, Clifford Flood, furthered the conspiracy to deprive Plaintiff of his constitutional rights and to retaliate against Plaintiff by contacting Plaintiff's counsel in February, 2016, and indicating to him that Plaintiff was not eligible to practice law due to the failure to pay his bar dues.

71.     Plaintiff found it unusual that chief counsel of the State Bar would, on the date that the bar dues were due and owing, single out and isolate Plaintiff to advise him of his status.

72.     Defendant, State Bar, acting in concert with others named and unnamed herein actively sought to exclude Plaintiff from engaging in lawful speech, by prohibiting and excluding him from the practice of law.

73.     At all times relevant to the allegations contained herein, Defendants were acting under color of state law and in furtherance of actions taken by them, conspired to violate defendant's constitutional rights, contrary to 42 U.S.C. §§ 1983, 1985, 1988.

74.     As a direct and proximate result of defendant's actions Plaintiff suffered economic and non-economic damages, including, but not limited to distress, embarrassment, loss of esteem in the community, shame, humiliation, outrage, anxiety, loss of employment, lost wages and other compensable injuries that will continue.

WHEREFORE,  Plaintiff request that this court make a finding that Defendants conspired to violate Plaintiffs constitutional rights and award damages and other relief to which Plaintiff is entitled.

## COUNT THREE - RETALIATION FOR EXERCISE
## OF FIRST AMENDMENT RIGHTS

75.   Plaintiff incorporates paragraphs one (1) through seventy-four (74) as if they were restated herein.

76.   Defendants have selectively, vindictively and in retaliation enforced MRPC 6.5, as applied to Plaintiff.

77.   At all times relevant hereto, Plaintiff engaged in constitutionally protected speech and expression.

78.   The Defendants repeatedly took adverse actions against the Plaintiff, preventing Plaintiff from engaging in his lawful occupation and engaging in constitutionally protected expression.

79.   The actions of Defendants were motivated at all times by Plaintiff's exercise of his rights to freedom of expression.

80.   Defendants have continued to harass, intimidate, threaten Plaintiff with professional disciplinary proceedings, based on speech and expressive conduct.  Plaintiff was arbitrarily subject to punishment, by the filing of repeated formal request(s) for investigation(s), formal complaints of misconduct, which caused plaintiff to restrict his freedom of expression,  to expend substantial amounts of money, time and effort to mount a defense to the formal misconduct proceedings.

81.   Defendants engaged in conduct in retaliation against Plaintiff for his engaging in constitutionally protected speech.  Defendants retaliated against Plaintiff by and for:

      A.   The filing of several formal complaints against Plaintiff, based on his exercise of his First Amendment right(s) and constitutionally protected activity(ies);

16

B. Refusing to entertain or address claims of professional misconduct made by Plaintiff involving other members of the State Bar of Michigan, summarily dismissing these claims, without explanation or investigation;

C. Imposing different standards on Plaintiff's exercise of his First Amendment rights as opposed to other members of the State Bar of Michigan;

D. Filing formal complaint(s) of professional misconduct based on each and every request for investigation submitted to Defendant, Attorney Grievance Commission, without a basis for doing so and without proper investigation or a determination of the validity of same;

E. Plaintiff filing a formal request for investigation against Robert Edick, Deputy Administrator of the Attorney Grievance Commission, for comments made in the <u>Detroit News</u>, regarding Plaintiff. In the article, Mr. Edick referred to Plaintiff as a "jerk" and made several other derogatory comments concerning Plaintiff. Plaintiff is not aware, nor has Plaintiff ever seen <u>any</u> official published comment(s) on any pending investigations or the conduct of any attorney by Defendant, Edick, or the Attorney Grievance Commission;

F. Defendants, Michigan Supreme Court Justices, refusing to take any action(s) against Defendant, Edick, or provide Plaintiff with any explanation as to their actions/inaction;

G.  Defendant, Attorney Grievance Commission, becoming even more vindictive following the filing of the complaint as to Defendant, Edick, and investigating and filing formal complaints as to every action or request for investigation forwarded to the Attorney Grievance Commission;

H.  The filing of several complaints to the Commission, and in particular, as it relates to the misconduct of Defendant, Uhuru, as to her not reporting the misconduct of Attorney Colleen Worden for using identical language (speech) alleged to have formed the basis of misconduct by Plaintiff.  The failure to report misconduct is a violation of the rules of MRPC, however, no action(s) were taken by or against Defendant, Uhuru, nor was she investigated by the Commission.

I.  Reporting to the Commission the misconduct of Ms. Worden, the primary witness against Plaintiff in formal disciplinary proceedings, and the Commission refusing to address or take any actions against Ms. Worden.

J.  The filing of an action in this Court for declaratory and injunctive relief, with many of the named Defendants herein, being named Defendant in the prior action.

K.  By filing an order of superintending control with the Michigan Supreme Court in order to remedy the violation of Plaintiff 's free

18

speech, free expression and due process rights, as described above, including the preclusion of the Attorney Discipline Board and it's hearing panels from being able to address the constitutionality of a rule of professional conduct.

L.    Denying Plaintiff his rights to claims and defenses available under the First and Fourteenth Amendments.

82.    Through investigation, Plaintiff has become aware that the Defendants have condoned, permitted and sanctioned actions by agents of the Attorney Grievance Commission, in apparent violation of MRPC 6.5, and have taken no action(s) against them for speech.

83.    As proof of retaliation, speech for which Plaintiff was punished and disciplined, was never addressed, sanctioned investigated or punished by Defendants. This included speech wherein employees and agents of the Attorney Grievance Commission engaged in:

A.    Repeated descriptions of a female employee of the Commission as a "bitch: and "cunt" and a "dirty whore" who should be "bitch slapped";

B.    Descriptions of an older employee of the Commission as a "prune faced nincompoop moron dipshit asshole"; and

C.    Denigrating and insulting comments concerning an employee of the Attorney Grievance Commission and referring to him as "weird and gross and a pervert."

84.    These comments made in violation of MRPC were not punished or investigated despite the fact that Mr. Agacinski reported the aforementioned statements to the Attorney Grievance Commission Chair.

85.     On information and belief, Defendants attempted to conceal such conduct/speech from the public.

86.     Failure to respond or take remedial actions, including the filing of a formal request(s) for investigation, pursuant to the plain terms of MRPC 6.5, establishes proof of a retaliatory motive.

87.     Failure to take any actions in reference to the described conduct/speech is further evidence of a conspiracy by Defendants to single out and punish Plaintiff for his speech and expression.

88.     As a direct and proximate result of Defendant's actions, Plaintiff suffered economic and non-economic damages, including, but not limited to, emotional distress, embarrassment, loss of esteem in the community, shame, humiliation, outrage, anxiety, loss of employment, lost wages and other compensable injuries (damages) that will continue.

WHEREFORE,   Plaintiff requests that this court make a finding that Defendant's retaliated against Plaintiff for the exercise of his constitutional rights and award damages and other relief, to which Plaintiff may be entitled.

## COUNT FOUR - VIOLATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS

89.     Plaintiff incorporates paragraphs one (1) through eighty-eight (88) as if they were restated herein.

90.     Defendants brought several formal complaints against Plaintiff, which resulted in formal disciplinary proceedings.

91.     In response to these proceedings, Plaintiff sought to address the constitutionality of the matters then pending before the various hearing panels.

92.     Plaintiff was prevented from doing so, as Defendants have a policy whereby hearing

panels of Michigan Attorney Discipline Board and the Board itself are precluded from addressing the constitutionality of the rules of professional conduct.

93.     Plaintiff, in the several disciplinary proceedings against him, was prohibited from asserting an applicable, viable, constitutionally-based legal defense(s) to the charges against him before the body that will adjudicate the claim against him or the only body to which he may appeal the hearing panel's ruling by right.  MCR 7.302(B)(6) & 9.118.

94.     By failing to permit Plaintiff to assert constitutional claims and defenses in the course of proceedings involving claims of professional misconduct, Defendants have denied Plaintiff his rights of substantive and procedural due process, as mandated by U.S. Const., Am. V & XIV.

95.     As a direct and proximate result of Defendant's actions, Plaintiff suffered economic and non-economic damages, including, not limited to, emotional distress, embarrassment, loss of esteem in the community, shame, humiliation, outrage, anxiety, loss of employment, lost wages and other compensable injuries and damages that will continue.

WHEREFORE, Plaintiff requests that this court make a finding that Defendants violated Plaintiff's rights to both procedural and substantive due process and award damages and other relief to which Plaintiff may be entitled.


/s/Timothy Barkovic
Plaintiff
25805 Harper Avenue
St. Clair Shores, Michigan 48081
586/530-5002
timothybarkovic@yahoo.com


Dated: January 30, 2017

21

JURY DEMAND

Plaintiff demands a trial by jury.

/s/Timothy Barkovic
Plaintiff
25805 Harper Avenue
St. Clair Shores, Michigan 48081
586/530-5002
timothybarkovic@yahoo.com

Dated: January 30, 2017

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

County in which action arose: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Timothy Barkovic

**(b)** County of Residence of First Listed Plaintiff — Macomb County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
None

## DEFENDANTS

Attorney Grievance Comm. et. al.

County of Residence of First Listed Defendant — Wayne County

Case:2:17-cv-10281
Judge: Lawson, David M.
MJ: Whalen, R. Steven
Filed: 01-30-2017 At 10:45 AM
CMP BARKOVIC V ATTORNEY GRIEVANCE C
OMMISSION, ET AL (BG)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☑ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983, 1985, 1988

Brief description of cause:
Violation of Constitutional Rights Under Color of State Law

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 2,500,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE Hon. Robert H. Cleland
DOCKET NUMBER 2:10-cv-14145-RHC-MAR

DATE
October 18, 2016  January 23, 2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

## PURSUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?      ☐ Yes
                                                                                    ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.       Other than stated above, are there any pending or previously    ☑ Yes
               discontinued or dismissed companion cases in this or any other    ☐ No
               court, including state court? (Companion cases are matters in which
               it appears substantially similar evidence will be offered or the same
               or related parties are present and the cases arise out of the same
               transaction or occurrence.)

If yes, give the following information:

Court: _United States District Court - Eastern District of Michigan_

Case No.: _2:10-cv-14145-RHC-MAR_

Judge: _Hon. Robert H. Cleland_

Notes :

# New Lawsuit Check List

**Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.**

☒ Two (2) completed **Civil Cover Sheets.**

☒ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

_____ + 2 = _____ **Complaints.**
# of Defendants          Total

Received by Clerk: _____ Addresses are complete _____

Case: 2:17-cv-10281
Judge: Lawson, David M.
MJ: Whalen, R. Steven
Filed: 01-30-2017 At 10:45 AM
CMP BARKOVIC V ATTORNEY GRIEVANCE C
OMMISSION, ET AL (BG)

If any of your defendants are **government agencies:**
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| **If Paying The Filing Fee:** | **If Asking That The Filing Fee Be Waived:** |
|---|---|
| ☒ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>*Clerk, U.S. District Court*<br><br>Received by Clerk: _____ Receipt #: _____ | ☐ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br><br>Received by Clerk: _____ |

## Select the Method of Service you will employ to notify your defendants:

| Service via Summons by Self | Service by U.S. Marshal<br>(Only available if fee is waived) | Service via Waiver of Summons<br>(U.S. Government cannot be a defendant) |
|---|---|---|
| ☒ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br><br><br><br>Received by Clerk: _____ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☐ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _____ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

Rev. 4/13